J-S36029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
BRANDON DEVALLE,   :
  :
        Appellant   :   No. 1511 EDA 2017

Appeal from the PCRA Order April 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1207903-2000

BEFORE: GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.:         **FILED NOVEMBER 13, 2018**

Appellant, Brandon Devalle, appeals from the April 11, 2017 Order entered in the Philadelphia County Court of Common Pleas dismissing as untimely his third Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Additionally, Appellant's appointed counsel, Daniel A. Alvarez, Esquire, has filed a Petition to Withdraw and an accompanying no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After careful review, we grant Attorney Alvarez's Petition to Withdraw and affirm.

The underlying facts are not relevant to the instant appeal. Briefly, on August 28, 2001, a jury convicted Appellant *in absentia* of Criminal Conspiracy

and Possession of a Controlled Substance with Intent to Deliver ("PWID").[1] On October 15, 2001, the trial court sentenced Appellant to an aggregate term of 15 to 30 years' incarceration. Appellant did not file a direct appeal. Appellant's Judgment of Sentence became final 30 days later on November 14, 2001, upon expiration of the time to file a direct appeal. **See** Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

Appellant's first and second PCRA Petitions garnered no relief. On February 9, 2016, Appellant filed the instant PCRA Petition, his third.[2] In this Petition, Appellant alleged that he is serving an illegal mandatory minimum sentence pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013)[3] and **Montgomery v. Louisiana**, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).[4] On

---

[1] 18 Pa.C.S. § 903 and 35 P.S. § 780-113(a)(30), respectively.

[2] Appellant alternatively titled his filing as a "Petition for Writ of *Habeas Corpus* Relief." The PCRA court properly treated Appellant's filing as a PCRA Petition. **See Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (holding that "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.").

[3] On June 17, 2013, the U.S. Supreme Court held in **Alleyne**, that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. **Alleyne**, 750 U.S. at 114-15.

[4] In **Miller v. Alabama**, 567 U.S. 460, 470 (2012), the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was under eighteen years old. The U.S. Supreme Court held in **Montgomery** that its decision in **Miller** applies retroactively. **Montgomery**, 136 S.Ct. at 732. Appellant, a drug offender who

August 9, 2016, the PCRA court issued a Notice of Intent to Dismiss Appellant's PCRA Petition pursuant to Pa.R.Crim.P. 907 as untimely. On August 16, 2016, Appellant filed a Response to this Notice. On April 11, 2017, the court dismissed Appellant's Petition.

This timely appeal followed. The PCRA court filed a Pa.R.A.P. 1925(a) Opinion, but did not order Appellant to file a Rule 1925(b) Statement of Errors.

On March 9, 2018, Attorney Alvarez filed a **Turner**/**Finley** no-merit letter, concluding that there were no non-frivolous issues to be raised on appeal since the PCRA Petition was untimely. Appellant filed a *pro se* Brief in response on March 23, 2018.

Appellant raises the following three issues in his *pro se* Brief:

[1.] Does not the recent decision of the Pennsylvania Supreme Court in **Commonwealth v. Batts**, No. 45 MAP 2016 (June 27, 2017), which held that it is manifestly the province of the General Assembly to determine what new sentencing procedures must be created in order to impose additional facts as elements in violation of the Sixth Amendment jury-trial jurisprudence, and mandatory minimum sentences following **Batt's** [*sic*] citing, **Alleyne**, **Newman Watley**, **Hopkins**, and **Wolfe's** severability?

[2.] By relying upon the Pennsylvania Supreme Court's recent developments in the area of severability, does not the Pennsylvania Supreme Court in **Commonwealth v. Batts**, No. 45 MAP 2016 (June 27, 2017), constitute interference by governmental officials within the meaning of the Pennsylvania

---

is **not** serving an automatic life sentence without possibility of parole for a murder committed while the defendant was under eighteen years old, nevertheless invoked **Montgomery** in his PCRA Petition and throughout the lower court proceedings. However, on appeal Appellant presents a new theory relying on **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017).

Post Conviction Relief Act, an exception to the time constraints under that Act, 42 Pa.C.S. § 9545(b)(1)(i)?

[3.] By applying the Pennsylvania Supreme Court's recent severability holding in *Commonwealth v. Batts*, No. 45 MAP 2016 (June 27, 2017) does not the Pennsylvania Supreme Court establish an exception to the time constraints under the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. § 9545(b)(1)(i)?

Appellant's Brief at iii.

Before we consider Appellant's arguments, we must review Attorney Alvarez's request to withdraw from representation. Pursuant to *Turner*/*Finley*, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wished to have reviewed; and (3) providing an explanation of why the petitioner's issues were meritless. *Id*. The court then conducts its own independent review of the record to determine if the Petition is meritless. *Id*. "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Our review of the record discloses that Attorney Alvarez has complied with each of the above requirements. In addition, Attorney Alvarez sent

- 4 -

Appellant copies of the ***Turner***/***Finley*** no-merit letter and Petition to Withdraw, and advised him of his rights in lieu of representation. ***See Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011). Since Attorney Alvarez has complied with the ***Turner***/***Finley*** requirements, we now proceed with our independent review of the record and the merits of Appellant's claims.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. ***See Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The

statutory exceptions to the timeliness provisions allow very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(1)-(2).

Here, Appellant's Judgment of Sentence became final on November 14, 2001, upon expiration of the time to file a direct appeal. **See** Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3). In order to be timely, Appellant must have submitted his PCRA Petition by November 14, 2002. Appellant filed the instant PCRA on February 9, 2016, over 14 years after his Judgment of Sentence became final. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, 4/11/17, at 3.

Appellant, for the first time on appeal, only attempts to invoke the timeliness exception for government interference under Section 9545(b)(1)(i).[5] This argument is waived for failure to raise it in his PCRA

_____

[5] In his PCRA Petition and throughout the lower court proceedings, Appellant sought to invoke the timeliness exception under Section 9545(b)(1)(iii), alleging that his illegal sentence claim is based on a newly recognized constitutional right as provided in **Alleyne**, which he asserts is retroactive in application. In his **Turner**/**Finley** no-merit letter, Attorney Alvarez noted that Appellant sought to invoke the timeliness exception under Section 9545(b)(1)(iii), and this is the only timeliness exception that the PCRA court addressed in its Opinion. As also noted by counsel, however, this claim fails. A legality of sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction. **See** 42 Pa.C.S. § 9545(b); **Commonwealth v. Miller**, 102 A.3d 988, 995-96 (Pa. Super. 2014) (explaining that the decision in **Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA Petition). Moreover, our Supreme Court has

pleadings or in the PCRA court.[6] **See** Pa.R.Crim.P. 902(B) (stating that that failure to state each ground relied upon in support of the requested relief in the PCRA petition "shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007) ("exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal.").

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. **See** PCRA Court Opinion at 3-5.

The record supports the PCRA court's findings and its Order is otherwise free of legal error. We, thus, affirm the denial of PCRA relief.

---

reiterated that **Alleyne** does not apply retroactively on post-conviction collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).

[6] In this appeal, Appellant attempts to rely on **Batts** to maneuver around the timeliness requirements. On June 26, 2017, the Pennsylvania Superior Court addressed in **Batts** the procedural requirements for sentencing a juvenile homicide defendant in light of the U.S. Supreme Court precedents in **Miller** and **Montgomery**. **Batts**, 163 A.3d at 443-44. This Court decided **Batts** after Appellant had filed his PCRA Petition and two months after the PCRA court dismissed this Petition. Accordingly, Appellant has waived this argument. Pa.R.Crim.P. 902(B); Pa.R.A.P. 302(a); **Burton**, 936 A.2d at 525.

Order affirmed.  Petition to Withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/13/18